[No. 913.]

## J. F. SMITH, Respondent, *v.* JAMES MAYBERRY, Appellant.

Contract for cutting Wood—Assignment by Sub-Contractors.—One Johnson had a contract with the P. W. L. & F. Co., for cutting wood. Smith (plaintiff) and one Russell were sub-contractors under him. Johnson assigned the contract to the defendant, who agreed to pay the subcontractors; they assenting to the arrangement released Johnson and accepted Mayberry in his place; subsequently Russell assigned his rights under the contract to plaintiff: *Held*, that the court did not err in overruling a demurrer to the complaint, on the ground that it did not aver that the assignment from Russell was made with defendant's asssent.

New Trial—Conflict on Evidence.—An order of the district court refusing to grant a new trial will not be reversed by the appellate court, upon the ground that the verdict is not sustained by the evidence when there is a substantial conflict in the testimony.

Knowledge of Sub-Contractor as to terms of Principal Contract Immaterial.—If a sub-contractor has knowledge of the terms of the principal contract, that fact does not tend to prove that he contracted upon the same terms.

Appeal from the District Court of the Second Judicial District, Washoe County.

The facts are stated in the opinion.

*Boardman & Varian*, for Appellant.

*W. L. Knox and Wm. Webster*, for Respondent.

By the Court, BEATTY, J.:

The substance of the complaint in this action is that one Johnson had a contract with the Pacific Wood, Lumber and Flume company for the cutting of saw-logs and cord-wood on the lands of the company; that the plaintiff and one Russell were sub-contractors under him; that while they were engaged in the performance of their contract with Johnson he assigned his contract with the company to the defendant, who, as part of the consideration therefor, agreed to pay the sub-contractors on the completion of their contract; that they assented to this arrangement, released Johnson and accepted Mayberry in his place; that subsequently Russell assigned all his rights under the sub-contract to the plaintiff, who went on and fully performed their agreements; that he thereupon demanded the contract price for the work done, but was refused payment. Wherefore suit is brought.

To this complaint defendant demurred upon the ground that it failed to show a cause of action. He now contends that the district court erred in overruling his demurrer, because there is no allegation in the complaint that the assignment from Russell to plaintiff was made with his assent. No reason is stated why his assent was necessary, and none has occurred to us. We think that the plaintiff, if he performed the contract under the assignment from his co-contractor, is entitled to recover, whether Mayberry assented to the assignment or not.

The defendant in his answer alleges a contract different from that set up in the complaint, and denies that it was performed according to its terms, or that he ever derived any benefit from its partial performance.

Upon this issue there was a direct, and, as it appears to us, a pretty equal conflict in the testimony, and the district court having denied the motion for a new trial, we cannot reverse its order on the ground that the verdict is not sustained by the evidence.

One thing that the defendant undertook to show on the trial was, that the plaintiff and Russell contracted to "clean up" the land from which they were to cut wood and timber "to the satisfaction of the Wood and Flume company," and that they were not to be paid until the company accepted their work; and he did prove that the company refused to accept the work of plaintiff, for the reason, as alleged, that he had not properly cleaned up the land.

The plaintiff proved, however, by the testimony of a number of experts, that he cleaned up his land as well or better than was usual in the business; and he and Johnson both testified that although their contract was that the land should be properly cleaned up, there was nothing said between them about satisfying the Flume company. On cross-examination of Johnson he was asked (in substance) if the plaintiff was not aware, at the time he took the sub-contract, of the terms of the contract with the company (which, it seems, did require the land to be cleaned up to its satisfaction, and made the payment of Johnson to depend upon its acceptance of his work). This question was objected to by the plaintiff, and his objection was sustained by the court. We cannot say that the ruling was erroneous. The fact, if it is a fact, that plaintiff knew the terms of the principal contract, would not have tended to prove that he contracted in the same terms. As a means of testing the accuracy of the witness it was perhaps within the discretion of the court to allow the question, but its exclusion was not an abuse of discretion.

The judgment and order overruling the motion for a new trial are affirmed.